ALTENBERND, Judge.
The plaintiff, Barclays Bank, P.L.C. (Bar-clays), appeals a summary final judgment in favor of the defendant, Charles Conkey. Barclays filed an action on a promissory note, which it had received from Healthco International, Inc. The trial court granted Mr. Conkey’s motion for summary judgment, prior to discovery, on the theory that Bar-clays was not a holder in due course entitled to enforce the promissory note because the note was too irregular on its face. We reverse.
According to the affidavit Mr. Conkey submitted in support of his motion for summary judgment, he agreed to purchase certain dental supplies from Healthco in May 1993. He executed and delivered a promissory note to Healthco in exchange for the supplies, but Healthco never delivered the supplies. Instead, it filed bankruptcy in June 1993, after assigning this promissory note to Barclays on June 1,1993.
The promissory note, which was attached to Barclays’ unsworn complaint, is a standard printed form, which has Healthco’s logo and address at the top. It is dated May 13,1993, and provides in relevant part:
After date, for value received, the undersigned (jointly and severally) promise to pay to Healthco International, Inc., 25 Stuart Street, Boston Massachusetts, 02116, or order, seventeen thousand six hundred sixty six dollars & one cent Dollars ($17,666.01), without defalcation. Payable in 11, Successive Monthly Installments of $ 1,472,16 Each, and in ---- Successive Monthly Installments of $ . Each thereafter, and in a final payment of $ 1,472,25 thereafter. The • first installment being payable on the_day of_, 19_, and the remaining installments on the same date of each month thereafter until paid.
After the action was at issue, but prior to any discovery, Barclays filed a motion for summary judgment, contending the undisputed facts showed that under section 673.3021, Florida Statutes (Supp.1992), Barclays “took the promissory note for value, in good faith, and without any knowledge of any claims or any defenses that the Defendant may have had or does have against, HEALTHCO, and is a holder in due course.” The motion further stated Mr. Conkey had not raised any defenses that would defeat the rights of a holder in due course.
Mr. Conkey responded with his affidavit and his own motion for summary judgment, contending the promissory note was unenforceable because there was a failure of consideration. Following an unreported hearing, the trial court entered an order which granted Mr. Conkey’s motion for summary judgment and denied Barclays’ motion, finding that the “promissory note is not payable at a definite time and is so irregular or incomplete as to call into question its authenticity.” Thereafter, it entered a final judgment in favor of Mr. Conkey.
To enforce the note under these circumstances, Barclays must be a holder in due course, as defined in section 673.3021, Florida Statutes (Supp.1992):
[T]he term “holder in due course” means the holder of an instrument if:
(a) The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and
(b) The holder took the instrument:
1. For value;
2. In good faith;
3. Without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series;
4. Without notice that the instrument contains an unauthorized signature or has been altered;
5. Without notice of any claim to the instrument described in s. 673.3061; and
6. Without notice that any party has a defense or claim in recoupment described in s. 673.3051(1).
§ 673.3021, Fla.Stat. (Supp.1992).
In granting Mr. Conkey’s motion for summary judgment, the trial court found that the *933 prjmissory note Healthco assigned to Bar-clays did not meet the threshold requirement of subsection (a) because it was not “payable at a definite time.” The Uniform Commercial Code comment on this subsection explains:
Subsection [ (l)(a) ] is a return to the N.I.L. rule that the taker of an irregular or incomplete instrument is not a person the law should protect against defenses of the obligor or claims of prior owners. This reflects a policy choice against extending the holder in due course doctrine to an instrument that is so incomplete or irregular “as to call into question its authenticity.” The term “authenticity” is used to make it clear that the irregularity or incompleteness must indicate that the instrument may not be what it purports to be. Persons who purchase or pay such instruments should do so at their own risk.
Uniform Commercial Code § 3-305 cmt. 1 (1991).
While the promissory note in this case omits the date on which the installment payments are to begin, such omission does not “call into question its authenticity” or “indicate that the instrument may not be what it purports to be.” § 673.3021(a). This instrument is clearly a promissory note from Mr. Conkey to Healthco for a specific amount, payable in twelve installments of a given sum. Although the note does not state when the initial payment is due, it is apparent from the record that Mr. Conkey paid one payment sometime between May 13, 1993 (the contract date), and June 13,1993 (the date of Mr. Conkey’s default). The promissory note is for $17,666.01, and the amount sought in the complaint is $16,193.76, which is one installment payment ($1,472.75) less than the original value of the note. At worst, this is an “incomplete instrument,” which may be enforceable pursuant to the requirements of section 673.1151, Florida Statutes (Supp. 1992).
Accordingly, we hold the trial court erred, as a matter of law, in entering summary judgment on the basis that the note did not meet the threshold requirement of section 673.3021(l)(a). We reverse that summary judgment, and remand the matter to the trial court for further proceedings. Whether Bar-clays meets the remaining requirements of section 673.3021(l)(b), required of holder in due course, is an unresolved factual question that the trial court should determine on remand.
Reversed and remanded with directions.
DANAHY, A.C.J., and FRANK J., concur.